IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNA POLNAC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:26cv00668 |
| | § | |
| THE LINCON NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Original Answer to Plaintiff's Amended Complaint (the "Complaint") filed by Plaintiff Donna Polnac ("Plaintiff"), and states as follows:

Lincoln admits that by this action, Plaintiff is seeking recovery of recovery of disability benefits from the Memorial Hermann Health System Long Term Disability Plan (the "LTD Plan"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that it issued Group Disability Income Policy Number GD/GF3-860-066873-01 (the "Policy") to Memorial Hermann Health System ("Memorial Herman"), which Policy, at certain times, insured benefits paid by the LTD Plan sponsored by Memorial Hermann. Lincoln admits that Plaintiff was, at certain times, employed by Memorial Hermann and a participant in the LTD Plan. Lincoln admits that this lawsuit was filed prior to the date of Lincoln's final appeal decision due to Plaintiff's failure to exhaust administrative remedies prior to filing suit. Lincoln denies all remaining allegations contained in the introductory paragraph of the Complaint.

## PARTIES

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies the allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits it is an insurance company and is lawfully authorized to do business in Texas. Lincoln further admits that it was properly served in this action and that the filing of this Answer is Lincoln's first appearance in this action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that venue is proper in this District and Division. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint does not contain allegations to which Lincoln must respond.

6. Lincoln admits it is an insurance company and that it issued the LTD Policy to Memorial Hermann. To the extent that the allegations contained in Paragraph 6 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. To the extent that the allegations contained in Paragraph 7 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. To the extent that Plaintiff is relying on documents that are not contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff was, at certain times, employed by Memorial Hermann as a Surgical Technologist. Lincoln admits Plaintiff has children. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. To the extent that Plaintiff is relying on documents that are not contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff was, at certain times, employed by Memorial Hermann as a Surgical Technologist. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that Plaintiff was, at certain times, employed by Memorial Hermann and a participant in the LTD Plan. Lincoln admits that it issued the Policy to Memorial

Hermann, which Policy, at certain times, insured benefits paid by the LTD Plan sponsored by Memorial Hermann. Lincoln admits that Plaintiff was, at certain times, employed by Memorial Hermann and a participant in the LTD Plan. Lincoln further admits only that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. To the extent that the allegations contained in Paragraph 11 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it issued the Policy to Memorial Hermann, which Policy, at certain times, insured benefits paid by the LTD Plan sponsored by Memorial Hermann to provide LTD benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff was, at certain times, employed by Memorial Hermann as a Surgical Technologist. Lincoln is without sufficient knowledge regarding what Plaintiff "enjoyed" or what "brought her joy," and accordingly, Lincoln denies these and all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan

under the Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that Plaintiff's last day of work at Memorial Hermann was March 15, 2023. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record

itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that Plaintiff's last day of work at Memorial Hermann was March 15, 2023. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits it sent a letter to Plaintiff's counsel dated February 6, 2026, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best

evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that forms completed by Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that notes reflecting telephone conversations with Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that investigative reports are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that investigative reports are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that investigative reports are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that investigative reports are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that investigative reports are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits it sent a letter to Plaintiff dated June 27, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits it received a letter dated November 18, 2025, from Plaintiff's counsel, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits that Exhibit 1 of the Complaint appears to contain the letter from Plaintiff's counsel to Lincoln dated November 17, 2025. However, Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that it did not receive a facsimile transmission from Plaintiff's counsel on November 18, 2025, regarding an appeal of the denial of Plaintiff's claim for further benefits from the LTD under the Policy. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits that it received a letter dated November 18, 2025, from Plaintiff's counsel, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which is contained in the administrative record,

and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that notes reflecting telephone conversations with Plaintiff's counsel are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. To the extent that Paragraph 43 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. To the extent that Paragraph 44 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. To the extent that Paragraph 45 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that it received a letter dated November 18, 2025, from Plaintiff's counsel, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent letters to Plaintiff's counsel dated December 8, 2025, December 26, 2025, January 2, 2026, and February 6, 2026, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits the allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits it sent a letter to Plaintiff's counsel dated February 6, 2026, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits that notes reflecting telephone conversations with Plaintiff's counsel are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff's counsel dated February 6, 2026, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits it sent a letter to Plaintiff's counsel dated February 6, 2026, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits it sent a letter to Plaintiff's counsel dated February 6, 2026, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln denies the allegations contained in Paragraph 52 of the Complaint.

53. Lincoln denies the allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits it sent a letter to Plaintiff's counsel dated February 6, 2026, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln denies the allegations contained in Paragraph 55 of the Complaint.

## CAUSES OF ACTION

56. Lincoln admits the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln admits that Memorial Hermann is the Plan Administrator and Plan Sponsor of the LTD Plan. Lincoln admits it issued the Policy to Memorial Hermann, which Policy, at certain times, insured benefits paid by the LTD Plan, and that Lincoln is the Claims Administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. To the extent that Paragraph 57 contains legal conclusions, Lincoln is not required to answer. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits from the LTD Plan, and Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln denies all allegations contained in Paragraph 58 of the Complaint.

59. Lincoln denies all allegations contained in Paragraph 59 of the Complaint.

60. Lincoln denies all allegations contained in Paragraph 60 of the Complaint.

61. Lincoln denies all allegations contained in Paragraph 61 of the Complaint.

62. To the extent that Paragraph 62 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. To the extent that Paragraph 63 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln denies all allegations contained in Paragraph 64 of the Complaint.

65. Lincoln admits it sent letters to Plaintiff's counsel dated December 8, 2025, December 26, 2025, and January 2, 2026, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln denies all allegations contained in Paragraph 66 of the Complaint.

67. Lincoln admits it issued the Policy to Memorial Hermann, which Policy, at certain times, insured benefits paid by the LTD Plan, and that Lincoln is the Claims Administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever and Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.

## STANDARD OF REVIEW

69. To the extent that Paragraph 69 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. To the extent that Paragraph 70 contains legal conclusions, Lincoln is not required to answer. Lincoln admits the Policy includes language pertaining to discretionary authority, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.

71. To the extent that Paragraph 71 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all allegations contained in Paragraph 71 of the Complaint.

72. To the extent that Paragraph 72 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all allegations contained in Paragraph 72 of the Complaint.

73. To the extent that Paragraph 73 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all allegations contained in Paragraph 73 of the Complaint.

74. Lincoln denies all allegations contained in Paragraph 74 of the Complaint.

## REQUEST FOR PREJUDGMENT INTEREST

75. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 76 of the Complaint.

77. To the extent that Paragraph 77 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all allegations contained in Paragraph 77 of the Complaint.

78. To the extent that Paragraph 78 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all allegations contained in Paragraph 78 of the Complaint.

79. To the extent that Paragraph 79 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all allegations contained in Paragraph 79 of the Complaint.

## CLAIM FOR ATTORNEY'S FEES AND COSTS

80. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan , along with recovery of attorneys' fees and costs, but Lincoln denies Plaintiff is

entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 80 of the Complaint.

81. To the extent that Paragraph 81 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all allegations contained in Paragraph 81 of the Complaint.

82. To the extent that Paragraph 82 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all allegations contained in Paragraph 82 of the Complaint.

## PRAYER

83. Lincoln denies all allegations contained in the Prayer of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff failed to satisfy conditions precedent to her claim as she failed to fully exhaust administrative remedies required under the Policy before filing this action.

4. Plaintiff's recovery of benefits, if any, from Lincoln is subject, in whole or in part, to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of Plaintiff's receipt of other income or benefits, including but not limited to income earned by Plaintiff and the disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

5. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the LTD Policy or statutory limitations period.

7. To the extent that Plaintiff raises a claim for breach of fiduciary duty against Lincoln, such claim fails as a matter of law due to the availability of a claim for recovery of benefits under ERISA.

8. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, and Plaintiff may not recover statutory or other penalties from Lincoln.

9. Plaintiff's claims for prejudgment interest under state law are preempted by ERISA.

10. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 19th day of February 2026.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Amar Raval, Esq.
Email: amar@ravaltriallaw.com

February 19, 2026 — Date

/s/ Iwana Rademaekers — Iwana Rademaekers